**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

CHRISTOPHER NEAL ,
                Plaintiff,

v.                                   No. 07-CV-1333
                                        (FJS/DRH)

M. EDDY, Correctional Officer, Gouverneur
Correctional Facility; KOGUT, Correctional
Officer, Gouverneur Correctional Facility; N.
MARTIN, Senior Counselor/Hearing Officer,
Gouverneur Correctional Facility; and
JAMES A. TAYLOR, Superintendent,
Gouverneur Correctional Facility,

                Defendants.

---

**APPEARANCES:**                       **OF COUNSEL:**

CHRISTOPHER NEAL
Plaintiff Pro Se
91-A-7563
Five Points Correctional Facility
Caller Box 119
Romulus, New York 14541

HON. ANDREW M. CUOMO         MICHAEL G. McCARTIN, ESQ.
New York State Attorney General      Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DAVID R. HOMER
U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

    Plaintiff pro se Christopher Neal ("Neal"), an inmate in the custody of the New York

State Department of Correctional Services ("DOCS"), brings this action pursuant to 42

---

    [1]This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

U.S.C. § 1983 alleging that defendants, four DOCS employees, violated his constitutional rights under the First, Eighth, and Fourteenth Amendments.  Am. Compl. (Docket No. 5).  Presently pending is defendants' motion to dismiss pursuant to 28 U.S.C. § 1915(g).  Docket No. 18.  Neal opposes the motion.  Docket No. 22.  For the following reasons, it is recommended that defendants' motion be granted.

### I.  Background

Neal is familiar with the litigation process, having filed thirteen federal actions in courts in the Second Circuit since 1997.  See U.S. Party/Case Index (visited August 27, 2008) <http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl>.

Neal proceeds in this action in forma pauperis ("IFP").  At all relevant times, Neal was incarcerated at Gouverneur Correctional Facility ("Gouverneur").  While there, Neal twice sought to be placed into protective custody as "he feared correctional officers where [sic] trying to get him to loose [sic] his date to go home," his requests were denied, and he subsequently filed inmate grievances.  Am. Compl. ¶¶ 10-12, 22-23.  In response to each grievance, Neal claims he was issued a false and retaliatory misbehavior report from defendants Kogut and Eddy.  Id.  Neal further alleges that he was denied due process in the disciplinary hearings on the reports, he was convicted of the charges, and his disciplinary sentences included time in keeplock[2] and the Special Housing Unit ("SHU"),[3]

---

[2]"Keeplock is a form of disciplinary confinement segregating an inmate from other inmates and depriving him of participation in normal prison activities."  Green v. Bauvi, 46 F.3d 189, 192 (2d Cir. 1995); N.Y. Comp. Codes R. & Regs. tit. 7, § 301.6 (2007).

[3]SHUs exist in all maximum and certain medium security facilities.  The units "consist of single-occupancy cells grouped so as to provide separation from the general

loss of privileges, and a delay of his tentative parole date. Id. ¶¶ 14, 26-44.

## II. Motion to Dismiss

Defendants seek dismissal of the complaint under 28 U.S.C. § 1915(g), which bars prisoners from proceeding IFP after three or more previous claims have been dismissed as frivolous, malicious, or for failing to state a claim. See 28 U.S.C. § 1915(g) (2006).[4] Frivolous claims "lack[] an arguable basis either in law or in fact." Tafari v. Hues, 473 F.3d 440, 442 (2d Cir. 2007) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)). Malicious claims are filed with the intent to hurt or harm another. Id. (citations omitted). The failure to state a claim applies a parallel definition from Fed. R. Civ. P. 12(b)(6), but "it does not follow that a complaint which falls afoul of the [12(b)(6) motion to dismiss] standard will invariably fall afoul of the [§ 1915(g) standard]." Neitzke, 490 U.S. at 326; see also Tafari, 473 F.3d at 442 (citations omitted).

This "three-strikes" provision contains a narrow exception which permits suits, notwithstanding prior dismissals, when the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see also Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (applying imminent danger exception "[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury.'") In

---

population . . . ." N.Y. Comp. Codes R. & Regs. tit. 7, § 300.2(b) (2007).  Inmates are confined in a SHU as discipline, pending resolution of misconduct charges, for administrative or security reasons, or in other circumstances as required. Id. at pt. 301.

[4] The three-strikes provision was adopted as part of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1995), which had as its principal purpose deterring frivolous prisoner litigation. Nicholas v. Tucker, 114 F.3d 17, 19 (2d Cir. 1997).

deciding whether application of the exception is warranted, "a court must examine the available pleadings, construed in the light most favorable to the [prisoner] . . . ." Gamble v. Maynard, No. 06-CV-1543 (DNH/DEP), 2008 WL 150364, at *4 (N.D.N.Y. Jan. 14, 2008) (citations omitted). "This exception requires a showing that the prisoner was under such imminent danger at the time of filing; the exception does not provide a basis to avoid application of the three strikes on the basis of past harm." Id. (citations omitted). This harm must also be real, serious, and not "merely speculative or hypothetical." Id. (citations omitted).

Here, of the thirteen cases Neal has filed, at least three have been dismissed as frivolous or for failing to state a claim. See Neal v. Walker, No. 00-CV-6376CJS (Fe) (W.D.N.Y. Mar. 28, 2003) (Docket No. 18-4) (hereinafter Neal I); Neal v. Griffin, No. 99-CV-1792 (TJM/GLS) (N.D.N.Y. Mar. 23, 2001) (Docket No. 18-3) (hereinafter Neal II); Neal v. Goord, No. 99-CV-515 (GJD) (N.D.N.Y. Feb. 23, 2001) (Docket No. 18-5) (hereinafter Nelson III).

In Neal I, Neal brought a habeas corpus petition pursuant to 28 U.S.C. § 2255 challenging a prison disciplinary proceeding and the respondent moved to dismiss for failure to state claim in accordance with Fed. R. Civ. P. 12(b)(6). The record of that case established that Neal had previously brought an action in state court on the same grounds, the state court had dismissed, and Neal had appealed but then withdrawn his appeal. In the federal action which followed, respondent contended that Neal's failure to perfect his state court appeal constituted a failure to exhaust state court remedies as required for federal habeas corpus relief and that Neal had failed to satisfy any of the exceptions to this procedural default. The district court agreed and granted to the motion to dismiss for failure

4

to state a claim. Neal I at 9. The dismissal on this ground constituted a strike under § 1915(g).[5]  See Tafari, 473 F.2d at 442.

In Neal II, the "favorable disposition" rule[6] "appl[ied] and [Neal's] causes of action [we]re barred," constituting a strike for IFP purposes since the bar was applicable and Neal failed to state a claim on which relief could be granted.  See Kulakov v. INS, No. 06-CV-754 (CS), 2007 WL 1360728, at *1 (W.D.N.Y. May 7, 2007) (citing 28 U.S.C. § 1915(e)(2)(B)(ii)). Lastly, in Nelson III, the mandate from the Second Circuit stated that "the motion is denied [as Neal] has not shown that this appeal has likely merit . . . [thus] the appeal is dismissed as frivolous because it lacks an arguable basis in law or fact."  See Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005) (holding that "defendants must produce documentary evidence . . . to conclude that the plaintiff has filed at least three prior actions that were

---

[5]There is, of course, a material difference between the dismissal of a habeas corpus petition for failure to exhaust state court remedies and the dismissal of a claim under 42 U.S.C. § 1983 for failure to exhaust administrative remedies.  See Preiser v. Rodriguez, 411 U.S. 475, 489-90 (1973) (holding that the exhaustion requirements for habeas corpus relief may not be circumvented by suing under § 183 for injunctive or declaratory relief).  The failure to exhaust state court remedies may bar a habeas corpus action as a procedural default even where state court remedies are not longer available to a petitioner.  See Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 633 (2d Cir. 2001); Sams v. Donelli, No. 07 Civ. 4600(DLC), 2008 WL 2939526, at *3 n.2 (S.D.N.Y. July 28, 2008).  Such a procedural default constitutes a failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Neal I.  However, the failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a) permits a plaintiff to pursue those remedies in a prison administrative process and then return to federal court to pursue his claim under § 1983. Such a remediable failure to exhaust affords no basis for a strike under § 1915(g).  See Snider v. Melindez, 189 F.3d 108, 115 (2d Cir. 1999).

[6]See Edwards v. Balisok, 520 U.S. 641, 646 (1997) (extending to prison disciplinary proceedings the rule that the results of a prison disciplinary proceedings may not be challenged on due process grounds where a successful challenge would "necessarily imply the invalidity of {a disciplinary] conviction or sentence" and citing Heck v. Humphrey, 512 U.S. 477, 486-87 (1994)).

5

dismissed [as strikes and that] . . . docket records may be sufficient . . . [if they indicate] that a prior case was dismissed because it was frivolous, malicious or fail[ed] to state a claim.") (internal quotations and citations omitted). Thus, it is clear that Neal has had at least three cases previously dismissed as frivolous or failing to state a claim.

Neal attempts to plead facts sufficient to place him within the imminent danger exception. Neal essentially makes three claims for imminent danger. The first is that the corrections officers at Gouverneur were attempting to interfere with his potential release date. Am. Compl. ¶ 22. However, Neal has since been transferred to Five Points Correctional Facility and is no longer in contact with the corrections officers who were allegedly jeopardizing his release date. See McFadden v. Parpan, 16 F. Supp. 2d 246, 247 (E.D.N.Y. 1998) (holding that the imminent danger exception is inapplicable if it does not "involve [the] present incarceration."). Thus, the exception does not apply.

The second argument was that, since his potential release date was not what he initially thought it would be, Neal was required "to continue to endure being imprisoned longer in [DOCS]." Docket No. 22-1 at 4. These conclusory and speculative allegations are insufficient to allege an imminent harm because:

> [w]hile maximum security prisons may be dangerous places for the very reasons that plaintiff states in his complaint, [it] . . . does not allege that he faces any specific danger . . . ; [r]ather, he speculates that he, like any other inmate at the facility, faces potential danger at the hands of other inmates. Were this Court to hold that such speculation is sufficient to satisfy the "imminent danger" requirement, this Court would effectively create a blanket exception to the "three strikes" rule for all inmates of maximum security prisons.

Pettus v. Mangano, No. 05-CV-1834 (RJD), 2005 WL 1123761, at *1 (E.D.N.Y. May 9, 2005). Thus, the claim that an extended time in prison subjects a plaintiff to imminent

6

danger is insufficient.

The last was that Neal "was put in involuntary protective custody because [his] life has been threatened by Muslims who are or were at Five Points Correctional Facility." Docket No. 22-1 at 6. However, as discussed supra, the allegations which form the basis of the amended complaint occurred during Neal's incarceration at Gouverneur. Thus, the events resulting in Neal's placement in involuntary protective custody at Five Points clearly did not occur simultaneously with the filing of the instant complaint as the events each occurred at separate correctional facilities.

Additionally, dismissal is not precluded by the fact that Neal has already been granted IFP status in this action. Docket Nos. 2, 7. When a court becomes aware of three prior strikes only after granting IFP status, it is appropriate to revoke that status and bar the complaint under § 1915(g). See McFadden v. Parpan, 16 F. Supp. 2d 246, 247 (E.D.N.Y. 1998).

Therefore, it is recommended that the order granting IFP status to Neal be vacated and that Neal's amended complaint be dismissed unless he pays the filing fee of $350.00 within thirty (30) days of the entry of a final order by the district court.

### III. Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendants' motion to dismiss (Docket No. 18) be **GRANTED** and that:

    1. The order granting Neal's IFP status (Docket No. 7) be **VACATED**; and

    2. The complaint be **DISMISSED** as to all defendants and all claims unless

7

Neal pays the filing fee of $350.00 within thirty (30) days of the entry of a final order by the district court.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: September 2, 2008
       Albany, New York

_David R. Homer_
United States Magistrate Judge